IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JACK A. DAVIS, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CIVIL ACTION NO. 2:15-CV-270-MHT |
| ALA. DEPT. OF CORRECTIONS, et al., | ) ) ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I.  INTRODUCTION**

In this 42 U.S.C. § 1983 action, Jack A. Davis ("Davis"), an indigent county inmate, challenges conditions of confinement at the Lowndes County Jail. Davis seeks declaratory relief and monetary damages for the alleged violations of his constitutional rights.

Upon review of the complaint, the court concludes that the claims against the Alabama Department of Corrections and the Lowndes County Jail are due to be summarily dismissed from this case pursuant to the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

**II.  DISCUSSION**

1.  <u>The Alabama Department of Corrections</u>.  The law is well-settled that a state agency or department, as an extension of the State, is absolutely immune from suit.

---

[1] The court granted Davis leave to proceed *in forma pauperis* in this cause of action. *Order of April 27, 2015 - Doc. No. 3*. The complaint is therefore subject to screening under the provisions of 28 U.S.C. § 1915(e)(2)(B) which require that the court may dismiss a prisoner's claims prior to service of process if the claims are frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

*Papasan v. Allain*, 478 U.S. 265 (1986) (Unless the State or its agency consents to suit, the plaintiff cannot proceed against such defendant as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable."). In addition, a department of the State is "not a 'person within the meaning of § 1983" and, therefore, is not subject to liability in a 42 U.S.C. § 1983 action. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 65, 109 S.Ct. 2304, 2309 (1989); *Carey v. Wynn, et al.*, *Carey v. Wynn, et al.*, Case No. 07-CV-1106-MHT-TFM (M.D. Ala. February 24, 2011), affirmed on appeal (11th Cir. June 10, 2011) - *Doc. No. 116* at 7. Any claims lodged against the Alabama Department of Corrections are therefore frivolous as such claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989).[2] Consequently, the claims presented against the Alabama Department of Corrections are subject to summary dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

    2. <u>The Lowndes County Jail</u>. A county jail is not a legal entity subject to suit or liability under 42 U.S.C. § 1983. *See Dean v. Barber*, 951 F.2d 1210, 1214 (11th Cir. 1992). In light of the foregoing, the claims against the Lowndes County Jail are due to be dismissed as frivolous in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i). *Id*.

### III. CONCLUSION

    Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

---

[2] Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to 28 U.S.C. § 1915(e)(2), the analysis contained therein remains applicable to the present statute.

1.  The claims against the Alabama Department of Corrections and the Lowndes County Jail be dismissed pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2.  This case, with respect to the claims lodged against the remaining defendants, be referred back to the undersigned for additional proceedings.

It is further

ORDERED that on or before May 14, 2015 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed

down prior to the close of business on September 30, 1981.

Done this 30th day of April, 2015.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE